**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alphonzo Leon JOHNSON, Defendant–Appellant.**

No. 98–30346.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 1999.

Decided March 8, 2000.

---

Nancy Bergeson, Assistant Federal Public Defender, Portland, Oregon, for the defendant-appellant.

Baron C. Sheldahl, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: LEAVY, FERNANDEZ, and THOMAS, Circuit Judges.

LEAVY, Circuit Judge:

Alphonzo Leon Johnson appeals his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that the district court erred when it included two juvenile sentences in calculating Johnson's criminal history category, because Johnson was not confined on the juvenile sentences within five years of the commencement of his federal offense. We vacate Johnson's sentence and remand for resentencing.

## BACKGROUND

Johnson entered a plea of guilty to the indictment charging him with being a felon in possession of a firearm committed on December 17, 1997. The central issue at Johnson's sentencing hearing was whether his prior juvenile adjudications should be counted for purposes of calculating his criminal history. The Sentencing Guidelines provide that, when calculating a defendant's criminal history, a "juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if *confinement resulting from such sentence* extended into the five-year period preceding the defendant's commencement of the instant offense." U.S.S.G. §§ 4A1.1 Comment 2 & 4A1.2(d)(2)(A) (1997) (emphasis added). Johnson contended that his juvenile sentences should not be counted because he was released from confinement on those convictions in September of 1992—more

than five years prior to committing the instant offense. While Johnson was detained by law enforcement officials on more than one occasion in 1993, he argued that, because his parole was not revoked and he was not resentenced in connection with these detentions, those confinements did not "result from" his juvenile convictions.

Johnson's prior juvenile adjudications included a June 1, 1990, five-year sentence to juvenile confinement for the Oregon state crimes of menacing and recklessly endangering, and a June 1, 1992, sentence to a juvenile facility until age 21 for the delivery of a controlled substance. Johnson was confined at MacLaran School on the first sentence beginning June 1, 1990. He was released three times on parole, and reconfined when his parole was revoked until his final parole from MacLaran School on September 8, 1992 (this was shortly after his June 1, 1992, sentence for the delivery of a controlled substance). His juvenile case was "terminated" on March 16, 1994.

Johnson's sentencing hearing focused on what occurred when Johnson was detained in 1993, after his 1992 release on parole. The presentence report indicated that his parole was revoked when he was detained in 1993. The federal probation officer who prepared the presentence report testified at the sentencing hearing that she relied on a computer printout of Johnson's juvenile case history and conversations with Johnson's juvenile probation officer when she prepared the report. She had no other sources of information concerning the detentions.

The computer printout used by the federal probation officer shows that Johnson was detained three times in 1993, within the five years proceeding his federal offense, but does not indicate that his parole was revoked in 1993, as it does when his parole was revoked in 1992. The juvenile probation officer testified that Johnson's parole was not formally revoked and he was not sentenced to confinement during the 1993 detentions. Johnson testified that, while he had some conversations with his parole office during his 1993 detentions, he did not have a hearing, his parole was never revoked, and he was never sent back to MacLaran School. Supplemental information gathered by a staff investigator at the Federal Public Defenders office and made part of the record showed that, during Johnson's 1993 detentions, he was not transported to a juvenile detention facility for a parole revocation hearing.

Following the sentencing hearing, the district court concluded that there were "periods of time in 1992 and 1993 when the defendant was returned to confinement as a result of the [juvenile] charges and then released within five years of the instant offense." As a consequence, the district court included the two juvenile sentences described above in Johnson's criminal history, which resulted in a criminal history category of VI and a sentencing guideline range of 51—63 months. The district court imposed a sentence of 60 months. Johnson timely appealed his sentence.

## STANDARD OF REVIEW

■ "Interpretation and application of federal sentencing guidelines present questions of law reviewed de novo." *United States v. Castillo*, 181 F.3d 1129, 1134–35 (9th Cir.1999).

## ANALYSIS

■ Johnson contends that the district court erred by adding four criminal history points pursuant to U.S.S.G. § 4A1.2(d)(2)(A), to account for the two prior juvenile convictions. Section 4A1.2(d) provides in relevant part:

(d) *Offenses Committed Prior to Age Eighteen*.

. . . . .

(2) In any other case,

(A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was

released from such confinement within five years of his commencement of the instant offense.

U.S.S.G. § 4A1.2(d)(2)(A) (1997).

U.S.S.G. § 4A1.2(k) governs the effect of a parole revocation when computing criminal history points. It provides in relevant part:

Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.1(d)(2) and (e). For the purposes of determining the applicable time period, use the following: ... (ii) in the case of any other confinement sentence for an offense committed prior to the defendant's eighteenth birthday, the date of the defendant's last release from confinement on such sentence (*see* § 4A1.2(d)(2)(A)) ...

U.S.S.G. § 4A1.2(k)(2)(B) (1997).

If Johnson's parole was revoked when he was detained in 1993, § 4A1.2(k)(2)(B) would apply and his juvenile sentences would be counted under § 4A1.2(d)(2)(A). However, on this record, the district court could not conclude that Johnson's parole was revoked during any of the 1993 detentions. Thus, § 4A1.2(k)(2)(B) is inapplicable.

The government argues that, even if Johnson's parole was not revoked in 1993, he was still "confined" as that term is used on § 4A1.2(d)(2)(A). When interpreting the sentencing guidelines, we have carefully distinguished between confinement resulting from an adjudication of guilt and confinement for other reasons. For example, in *United States v. Latimer*, 991 F.2d 1509, 1517 (9th Cir.1993), we held that the defendant's three-month detention in a federal prison awaiting scheduling of his parole revocation hearing was not "incarceration" for purposes of U.S.S.G. § 4A1.2(k)(2)(B)(i) (where the Guidelines measure the applicability of a revocation sentence by reference to "the date of last release from incarceration from such sentence"). We stated:

To characterize this period of detention as "incarceration" simply because the defendant was physically confined within the walls of a federal prison would subvert the purposes of the Guidelines.... [W]hen the reason behind a period of incarceration is administrative necessity, rather than an adjudication of guilt, the period of incarceration says nothing about the defendant's culpability. Accordingly, it may not provide a basis for sentence enhancement.

*Id.* Similarly, in *United States v. Sanders*, 41 F.3d 480, 486 (9th Cir.1994), we held that a juvenile proceeding which did not necessarily involve an adjudication of guilt, could not be used to increase the defendant's criminal history score.

The government failed to demonstrate that any of Johnson's 1993 detentions resulted from an adjudication of guilt. Absent this showing, the mere fact that Johnson was detained is an insufficient basis for sentence enhancement. Thus, under *Latimer* and *Sanders*, the two juvenile convictions should not have been included in his criminal history.

### CONCLUSION

 The district court's error was not harmless because subtracting four points from Johnson's criminal history score lowers him from Criminal History Category VI to V. *Cf. Sanders*, 41 F.3d at 486–87 (sentencing error harmless where category unchanged). Johnson's sentence is VACATED and the case REMANDED for resentencing consistent with this disposition.