**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harold Patrick MITCHELL,**
**Defendant–Appellant.**

**No. 03–30008.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Filed Jan. 14, 2004.

---

1014

Anthony R. Gallagher, Federal Public Defender, Great Falls, MT, for the defendant-appellant.

Carl E. Rostad, Assistant United States Attorney, Great Falls, MT, for the plaintiff-appellee.

Before KLEINFELD, GOULD, and TALLMAN, Circuit Judges.

TALLMAN, Circuit Judge:

Harold Mitchell appeals the 60–month sentence imposed by the District Court following his 2002 guilty plea to conspiracy to distribute, and distribution of, methamphetamine and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Mitchell contends that the District Court miscalculated his criminal history score under the Federal Sentencing Guidelines by including a 1993 juvenile post-office burglary conviction that originally resulted in a term of straight probation. Because Mitchell concedes that his probation was subsequently revoked and that he was confined on three separate occasions in 1994, 1995, and 1997, we hold that his 1993 sentence resulted in a term of confinement and that the District Court properly counted the sentence in tabulating Mitchell's criminal history score under Chapter Four of the Sentencing Guidelines. *See United States v. Johnson,* 205 F.3d 1197, 1200 (9th Cir.2000).

We review the District Court's application of the Sentencing Guidelines de novo. *See United States v. Castillo,* 181 F.3d 1129, 1134–35 (9th Cir.1999).

Mitchell last violated the terms of his 1993 probation in March 1997. As a result, he was sent to a State juvenile facility until he reached his eighteenth birthday on June 19, 1997.

In calculating a defendant's criminal history score, the Sentencing Guidelines provide that "[a] juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted ... if confinement *resulting from such sentence* extended into the five-year period preceding the defendant's commencement of the instant offense." U.S.S.G. § 4A1.1(b) Comment 2 (emphasis added). *See also Johnson,* 205 F.3d at 1198. Mitchell's 1997 detention "result[ed] from" his 1993 probationary sentence. We thus reject his contention that the term "confinement sentence" in Section 4A1.2(k)(2)(B)(ii) means that confinement following revocation of probation is to be ignored when determining whether the current crime was committed within five years of release.

Mitchell concedes that his probation was "revoked"[1] and that he was released from detention less than five years before commencing the instant offense. The District Court therefore correctly counted Mitchell's juvenile delinquency conviction in calculating his criminal history score. *See id.;* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A), 4A1.2(k)(2)(B)(ii).

AFFIRMED.

---

1. Because Mitchell "admit[s]" in his opening brief that his probation was "revoked" in 1997, we need not grapple with the constitutional concerns raised in *United States v. Ramirez,* 347 F.3d 792 (9th Cir.2003) (holding that a probation revocation must satisfy certain due process requirements before it may count as criminal history under the Guidelines).

