**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAY CHARLES KNOX,

Defendant-Appellant.

No. 06-2007
(D. N.M.)
(D.Ct. No. CR-05-698 RB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Ray Charles Knox, a federal prisoner represented by counsel,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals his sentence following his guilty plea to possession with intent to distribute less than fifty kilograms of marijuana, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(D), on grounds two prior juvenile convictions should not have been used to calculate his criminal history score. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Knox's conviction and sentence.

On January 7, 2005, United States Border Patrol agents conducted a routine traffic check on a commercial bus at the border patrol checkpoint west of Alamogordo, New Mexico. An agent, together with a dog trained to detect the presence of controlled substances, inspected the lower luggage compartment of the bus, and the dog alerted to two suitcases. The identification tags on both suitcases displayed the name "Michael Wright." The bus driver stated a man by that name boarded the bus. A passenger then identified himself as Michael Wright, but was later determined to be Ray Charles Knox, to whom we refer hereafter. Mr. Knox said the two suitcases belonged to him and consented to a search. Agents discovered twenty bundles, wrapped in gray duct tape and vacuum-sealed bags, which contained 24.2 kilograms of marijuana.

Mr. Knox pled guilty to an indictment charging him with possession of less than fifty kilograms of marijuana with the intent to distribute it, in violation of 18

U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(D). Following Mr. Knox's guilty plea, a probation officer prepared a presentence report, in which he calculated a recommended sentence using the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Based on the Drug Quantity Table found in U.S.S.G. § 2D1.1(c)(12), he calculated Mr. Knox's base offense level at 16 because the amount of marijuana involved was at least ten kilograms but less than twenty kilograms. The probation officer then reduced the offense level three points under U.S.S.G. § 3E1.1 for acceptance of responsibility, for a total offense level of 13. In calculating Mr. Knox's criminal history category at V, the probation officer included two California juvenile criminal convictions, totaling two criminal history points each, in which Mr. Knox, at the age of sixteen, admitted to knowingly possessing a stolen firearm (which was loaded and concealed under his clothing at the time of his arrest); and, at the age of fourteen, committed a robbery by assaulting and taking a purse from a female victim. Based on a total offense level of 13 and a criminal history category of V, the recommended Guidelines sentencing range was thirty to thirty-seven months imprisonment.

Mr. Knox did not contest the findings of fact in the presentence report, but objected to the inclusion of his two state juvenile convictions in calculating his criminal history score. With respect to his conviction for possession of a stolen

firearm, Mr. Knox claimed it met the definition of a "juvenile status offense" under U.S.S.G. § 4A1.2(c)(2) because it constituted a crime which could not be committed by an adult, given the crime was entitled "Possession of Firearm *by Minor*." He further argued his conviction for robbery could not be included in his criminal history score because of the uncertainty as to whether his sentence for the offense was within five years of his commencement of the instant offense, as required by U.S.S.G. § 4A1.2(d)(2)(A).

At the sentencing hearing on August 29, 2005, Mr. Knox's counsel argued the uncertified or unsigned judgments in the two juvenile convictions used by the probation officer in calculating Mr. Knox's criminal history score were insufficient for the purpose of applying those convictions to his score. At his request, and with the agreement of the government, the district court continued Mr. Knox's sentencing to a later date for the purpose of obtaining the requested judgments on Mr. Knox's juvenile convictions. Thereafter, the government obtained certified judgments from the California Superior Court, Juvenile Division, on Mr. Knox's disputed juvenile convictions, which did not deviate from the information originally obtained and used in the initial presentence report. Another sentencing hearing was held December 19, 2005, at which time the district court considered Mr. Knox's juvenile criminal history score objections and the government's response to those objections; it then rejected Mr. Knox's

arguments and sentenced him at the low end of the applicable Guidelines range to thirty months imprisonment.

On appeal, Mr. Knox renews his claim neither of his juvenile convictions can be used in calculating his criminal history. First, he claims his juvenile firearm conviction is a "juvenile status offense" under U.S.S.G. § 4A1.2(c)(2) because the same crime could not be committed by an adult. In support of his argument he claims: 1) his possession of the firearm was unlawful "solely because of his age"; an adult may lawfully carry a firearm; and the crime for which he was convicted only applies to juveniles because it was entitled "Possession of Firearm by Minor." He also renews his contention his juvenile robbery conviction may not be used to calculate his criminal history score because his release from confinement ended more than five years prior to the commencement of the instant offense. In support of this argument, Mr. Knox claims he was sentenced to zero to sixty days confinement, which was imposed in 1996, and his judgment was never amended by judicial order.

We review for reasonableness the ultimate sentence imposed. *United States v. Booker*, 543 U.S. 220, 261-62 (2005). "We require reasonableness in two respects – the length of the sentence, as well as the *method* by which the sentence was calculated." *United States v. Lopez-Flores*, 444 F.3d 1218, 1220 (10th Cir.

2006) (quotation marks and citation omitted), *petition for cert. filed* (U.S. July 7, 2006) (No. 06-5217). If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). In determining whether the district court properly considered the applicable Guidelines range, we review its legal conclusions de novo and its factual findings for clear error. *Id.*

With respect to the applicable Guidelines range in this appeal, U.S.S.G. § 4A1.2(c)(2) states sentences for "juvenile status offenses" should not be counted in calculating criminal histories. On the other hand, we have held "[j]uvenile convictions, other than for [juvenile] status offenses, may be used to add points to a defendant's criminal history category pursuant to § 4A1.2(d)(2)." *United States v. Miller*, 987 F.2d 1462, 1465 (10th Cir. 1993). Under § 4A1.2, two criminal history points are added for a juvenile conviction which is not a "juvenile status offense" if it resulted in a sentence of confinement of at least sixty days and the defendant was released from such confinement within five years of his commencement of the instant offense. U.S.S.G. § 4A1.2(d)(2)(A). However, the Guidelines do not define "juvenile status offenses" as used in

§ 4A1.2. *United States v. Whitney*, 229 F.3d 1296, 1309 (10th Cir. 2000). As a result, we have followed other circuits which concluded "'juvenile status offenses' include only those status offenses committed by persons under eighteen" which are "non-serious offenses" and which, "regardless of the title of the offense," involved "underlying conduct [which] would not have been criminal if committed by an adult." *Id.* (citations omitted). We have also held the policy considerations underlying § 4A1.2 are apparent, given the Sentencing Commission concluded "the listed offenses under (c)(2) [including 'juvenile status offenses'] are of such minor significance relative to the goals of sentencing that they are never counted, regardless of the degree of punishment imposed or the similarity between the prior and current offenses." *United States v. Perez De Dios*, 237 F.3d 1192, 1197 (10th Cir. 2001).

Applying these legal principles, our standard of review, and the policy considerations underlying § 4A1.2, we conclude the district court did not err in applying Mr. Knox's juvenile convictions in calculating his criminal history score. First, with respect to his conviction for possessing a firearm at the age of sixteen, Mr. Knox does not contest the facts the gun was later found to be stolen, he admitted to knowing it was stolen, and the gun was loaded and concealed under his clothing when he was arrested. While he was obviously under eighteen years of age when he committed the offense, the offense of carrying a stolen gun

is a serious one, and the underlying conduct of knowingly possessing a stolen firearm constitutes criminal conduct under either federal or state law, even if committed by an adult.[1]  While Mr. Knox contends an adult may legally carry a firearm, his argument conveniently omits the fact the conviction in this case involved possession of a *stolen* firearm.  Similarly, the fact the crime for which he was convicted was entitled "Possession of Firearm by Minor" does not change the result, given the underlying conduct would have been criminal if committed by an adult "*regardless of the title of the offense*." *Whitney*, 229 F.3d at 1309 (emphasis added).  For these reasons, his prior conviction for possessing a firearm meets the criteria for being a juvenile conviction, not a "juvenile status offense," and the district court properly included it in calculating his criminal history score.

Next, with respect to Mr. Knox's juvenile conviction for robbery at the age of fourteen, he does not contend it was a "juvenile status offense" which cannot be used in calculating his criminal history score.  Rather, he argues it may not be counted because he was sentenced to zero to sixty days, his sentence was imposed

---

[1] *See, e.g.,* 18 U.S.C. § 922(I) (making it unlawful to transport in interstate commerce any stolen firearm knowing or having reasonable cause to believe it was stolen); Cal. Penal Code § 12025(b)(2) (making it a felony to carry a concealed firearm which the person knew or had reasonable cause to believe was stolen); Cal. Penal Code § 12031(a)(2)(B) (making it a felony to carry a loaded firearm where the firearm is stolen and the person knew or had reasonable cause to believe it was stolen); Cal. Penal Code § 496 (making it illegal to buy or receive property which the person knew was stolen).

in 1996, with his confinement ending more than five years prior to the commencement of the instant offense, and his judgment was never amended by judicial order.

In this case, the government initially obtained unsigned or uncertified judgments on Mr. Knox's juvenile convictions, but following the continuance of sentencing, it obtained certified copies of those convictions from the California Superior Court, Juvenile Division, which the record shows did not deviate from the court records originally obtained and used in the initial presentence report. While Mr. Knox has not provided those judgments on appeal,[2] the record submitted by the government establishes that on or about August 29, 1996, a California judge found the offense committed by Mr. Knox to be a felony with a maximum sentence of five years, but placed Mr. Knox on home placement probation with a stayed sentence of zero to sixty days in juvenile custody. His probation was revoked several times on various grounds, and ultimately, he was placed in a California Youth Authority facility on April 14, 1999, released from

_____

   [2] It is the appellant's responsibility to provide us with a proper record on appeal, and if the appellant's appendix is insufficient to permit assessment of a claim of error, we must affirm. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000)*; Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995) (citing Fed. R. App. P. 10(b)(2)). In this case, even though Mr. Knox failed to provide the certified judgments considered by the district court, our affirmance is supported by information provided by the government, which Mr. Knox has otherwise failed to rebut on appeal.

custody and paroled on July 8, 2000, returned to the facility on September 27, 2000, for violation of his parole, and released from confinement and paroled on February 3, 2001, with his final discharge from parole on the robbery conviction occurring on March 21, 2003.

As previously mentioned, two points may be added to Mr. Knox's criminal history score if his juvenile conviction resulted in a sentence of "*confinement of at least sixty days*," and he was "released from such confinement *within five years of his commencement of the instant offense*." U.S.S.G. § 4A1.2(d)(2)(A) (emphasis added). The Guidelines further instruct "[r]evocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2)," and that "[f]or the purposes of determining the applicable time period" in the case of any confinement for an offense committed prior to a defendant's eighteenth birthday, one should use "the date of the defendant's last release from confinement on such sentence." § 4A1.2(k)(2)(A) and (B)(ii). One circuit applying these provisions has held a defendant's juvenile confinement which followed an original sentence of straight probation may be used to calculate his criminal history score under § 4A1.2, where his probation was repeatedly revoked for violations, he was confined on three separate occasions, and his final release from confinement on the conviction occurred within five

years of commencing his instant offense. *See United States v. Mitchell*, 354 F.3d 1013, 1014-15 (9th Cir. 2004). Similarly, in this case, Mr. Knox violated the terms of his home probation prior to its completion, resulting in his confinement in a California Youth Authority facility for at least sixty days and a final release from confinement on his robbery conviction in February 2001, which clearly falls within five years of his commencement of the instant offense on January 7, 2005.

For the foregoing reasons, we conclude the district court did not err in including Mr. Knox's juvenile convictions in calculating his criminal history score. *See Lopez-Flores*, 444 F.3d at 1220. Because the district court properly considered the relevant Guidelines range and sentenced Mr. Knox within that range, his sentence is presumptively reasonable. Mr. Knox has not otherwise rebutted this presumption by demonstrating his sentence is unreasonable in light of the sentencing factors in 18 U.S.C. § 3553(a), *Kristl*, 437 F.3d at 1055, or otherwise provided anything in the record which suggests the district court erred, either in its findings of fact or determinations of law.

Accordingly, for these reasons, we **AFFIRM** Mr. Knox's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge