

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2007

# USA v. Olokose

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3820

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Olokose" (2007). *2007 Decisions.* Paper 1357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3820
_____

UNITED STATES OF AMERICA

v.

ADEDOYIN OLOKOSE,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cr–00126)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before: FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed: April 4, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Adedoyin Olokose appeals an order of the United States District Court for the

District of New Jersey sentencing him to fifty-one months of incarceration. Olokose

argues that the District Court erred in determining that he committed the instant offense

within two years of his having been released from imprisonment for a previous offense,

and that the District Court thus improperly added points to his criminal history score. For the following reasons, we will affirm the sentence embodied in the judgment and commitment order.

I.

Olokose and a co-conspirator were charged with bank fraud under 18 U.S.C. § 1344. Pursuant to a plea agreement, Olokose pleaded guilty to a one-count information. The District Court sentenced Olokose to fifty-one months imprisonment, after assigning him seven criminal history points, which put him in Criminal History Category IV.

The District Court assigned two of the seven criminal history points to Olokose based on the fact that Olokose committed the offense in this case within two years of being released from a prior imprisonment. Those two added points changed Olokose's Criminal History Category from Category III to Category IV. Olokose disputed the addition of those two points, asserting that the crime had not been committed within two years of his release date. He conceded that the current offense had been committed beginning on May 6, 2004. He also conceded that he had been released from a federal facility on June 10, 2002. That concession and a brief reference to a calendar would seem to resolve the point entirely, but Olokose argues that he would have been released earlier, had he not been held until June 10, 2002 for strictly administrative reasons. He contends that he was not released after serving his prior sentence, but was instead shuttled from

facility to facility because of his immigration status.[1]  Thus, Olokose reasons, the

government could not prove that he had been imprisoned until June 10, 2002 because of

an adjudication of guilt, and the two additional criminal history points should therefore

not have been added to his criminal history score.  The District Court Judge disagreed,

and sentenced him to fifty-one months, the maximum sentence under the guideline range.[2]

## II.

The District Court had jurisdiction to hear this case under 18 U.S.C. § 3231.

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over final orders of the District

Court.[3]  Factual findings of the District Court are reviewed for clear error.  *United States

v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006) ("Factual findings will be reversed only if

clearly erroneous.").

Olokose asserts that the District Court erred when it found that he had committed

the instant offense less than two years after being released from imprisonment.  Olokose

argues that this decision was error because, although he was released from federal

---

[1] Olokose was deported from the United States on June 11, 2002.

[2] The offense level for the crime of conviction in this case was 18.  At criminal history category IV, the range was forty-one to fifty-one months.  (2004 United States Sentencing Commission Guidelines Manual, Ch. 5, Pt. A).  At criminal history category III, the range would have been thirty-three to forty-one months.  (*Id.*)

[3] Although Olokose's lawyer filed a notice of appeal in the District Court on June 22, 2005, and Olokose wrote a letter to the District Judge on June 28, 2005 requesting that the notice of appeal be filed, neither was filed in this Court.  On May 15, 2006, however, this Court granted Olokose's application for an order that his appeal be filed *nunc pro tunc* to June 22, 2005.

custody on June 10, 2002, he was not released at the end of his sentence because he was administratively detained as a result of his immigration status. Olokose cites *United States v. Johnson*, 205 F.3d 1197, 1200 (9th Cir. 2000) and *United States v. Latimer*, 991 F.2d 1509, 1517 (9th Cir. 1993) for the proposition that administrative detention does not count toward a period of incarceration with respect to the Federal Sentencing Guidelines. He asserts that the government did not prove by a preponderance of the evidence that he was imprisoned until June 10, 2002 as a result of an adjudication of guilt, and, thus he argues that the District Court's decision on this point was clearly erroneous.

The argument is unpersuasive. The only evidence in the record shows that Olokose was released from federal detention on June 10, 2002. Although Olokose asserts that his actual sentence ended earlier and that he was held until that date solely because of his immigration status, he has not pointed to any evidence indicating the date on which his previous sentence was actually set to end. The record on this issue contains only Olokose's attorney's argument at sentencing, indicating that the detention records show that Olokose was transferred in and out of several facilities in May and June of 2002. Even in this argument, however, Olokose's attorney could only speculate that Olokose was moved from facility to facility because of his immigration status and that his continued incarceration in May and June of 2002 was the result of that status. Thus, it was not clear error for the District Court to determine that Olokose was released from prison on June 10, 2002, less than two years prior to the instant offense, at the conclusion of a criminal sentence contemplated in U.S.S.G. § 4A1.1(e).

4

III.

For the foregoing reasons, we will affirm the judgment and commitment order of the District Court.