NOT FOR PUBLICATION

FILED

APR 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50115 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00159-PA-2 |
| v. | |
| DANIEL RAY, AKA Popeye, AKA Daniel T. Ray, AKA Daniel Thomas Ray, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50120 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00159-PA-1 |
| v. | |
| PATRICK JOHN BACON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, United States District Judge, Presiding.

Argued and Submitted January 6, 2020
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,[*] District Judge.

Patrick Bacon and Daniel Ray were convicted of assault with a deadly weapon with intent to do bodily harm, under 18 U.S.C. § 113(a)(3), and assault causing serious bodily injury, under *id.* § 113(a)(6), via *id.* § 2(a) (aiding and abetting). Defendants were sentenced to 120 months and 100 months in prison, respectively. They appeal the convictions and sentences. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.[1]

**1.** Reviewing de novo, the district court properly precluded Bacon's duress defense. *See United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011) (defendant must make a "prima facie showing of duress in a pretrial offer of proof"). Bacon has not shown that he "had no reasonable opportunity to escape." *United States v. Wood*, 566 F.2d 1108, 1109 (9th Cir. 1977) (per curiam); *see also United States v. Houston*, 648 F.3d 806, 817 (9th Cir. 2011).

**2.** Reviewing "the district court's decision on the Rule of Completeness for an abuse of discretion," *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014), we find the district court did not abuse its discretion. First, there is no "misleading impression," *id.* (citation omitted), that the completed paragraph after

---

[1] In a concurrently filed opinion, we address Bacon's argument that the district court abused its discretion by precluding Dr. Karim, Bacon's expert witness, from testifying in support of Bacon's insanity defense.

Bacon's statement that he was "raised to be an honest person," would correct. Nor can the defendant include additional portions simply because they would give context to the jury. *See id.* (district court properly rejected redacted portion of defendant's confession that he sought to include to "show the jury the 'flavor of the interview,' to 'humanize' [defendant], to prove his 'character,' and to convey to the jury the voluntariness of his statement"). Second, defendant cannot "elicit[] his own exculpatory statements, which were made within a broader, inculpatory narrative." *United States v. Ortega*, 203 F.3d 675, 681-82 (9th Cir. 2000). The district court properly rejected Bacon's request to include his statements made prior to, and after, his statement that he said "something like 'go in peace.'" *See id.* at 682 ("[N]on-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements.").

3.    Turning to Ray and applying the "two-step inquiry for considering a challenge to a conviction based on sufficiency of the evidence," *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc), we find there was sufficient evidence to support his conviction for assault. Viewing the video evidence and eyewitness testimony in the light most favorable to the prosecution, at least one rational juror could have found that Ray aided and abetted the assault.

4.    Ray also argues there is insufficient evidence that the government proved the offense took place within the special maritime and territorial

3

jurisdiction of the United States. Even if Ray preserved this claim, there is sufficient evidence, such as uncontroverted testimony by the prison guards, that the government proved this element. *See United States v. Read*, 918 F.3d 712, 718 (9th Cir. 2019) ("[U]ncontradicted testimony from inmates or employees at a federal prison can establish the jurisdictional element of 18 U.S.C. § 113.").

5. Ray claims the district court improperly excluded a note allegedly written by Bacon. Reviewing admissibility of evidence under Federal Rule of Evidence 804(b)(3) for abuse of discretion, *see United States v. Rhodes*, 713 F.2d 463, 473 (9th Cir. 1983), we find the district court did not abuse its discretion. Among other things, the note was hearsay, irrelevant, and not a statement against interest. *See United States v. Oropeza*, 564 F.2d 316, 325 (9th Cir. 1977). The district court also did not abuse its discretion in preventing Ray from cross-examining Bacon about the properly excluded note. *See United States v. Shabani*, 48 F.3d 401, 403 (9th Cir. 1995) (no abuse of discretion "as long as the jury receives sufficient information to appraise the biases and motivations of the witness") (citation omitted). Because this "evidentiary ruling was well within" the district court's discretion, there is no constitutional error. *United States v. Waters*, 627 F.3d 345, 353 (9th Cir. 2010).

6. For sentencing, "we review the district court's identification of the correct legal standard *de novo* and the district court's factual findings for clear

4

error." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). "[A]pplication of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *Id.* On de novo review, the district court correctly identified the proper legal standard for a mitigated role adjustment under U.S.S.G. § 3B1.2(b), *see United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018) (proper standard is to compare "defendant's conduct . . . against that of other participants in his or her own criminal scheme"); *see Gasca-Ruiz*, 852 F.3d at 1171, 1174-75 (if the district court identifies the right guideline and commentary "we will not assume that the court applied the wrong legal standard" absent something more). The record does not show that the district court improperly compared Ray to a hypothetical average offender rather than an average participant in the scheme. The district court compared Ray to the average defendant only in the context of the facts of the case. The district court's finding that Ray was "indispensable" to the attack was also not legal error. The district court relied on multiple factual findings to support its conclusion that Ray was not a minor participant. *See Diaz*, 884 F.3d at 915 (defendant's essential or indispensable role is not outcome determinative). Lastly, the district court did not abuse its discretion in applying the Note 3(C) factors to Ray. Ray must prove he was "*substantially less culpable* than the average participant in the charged criminal activity." *Id.* at

5

914 (internal quotations omitted). Based on the record he has not carried that burden. Thus, the district court did not abuse its discretion.

7.       The district court did not abuse its discretion, *see Gasca-Ruiz*, 852 F.3d at 1170, in applying a two-level "more than minimal planning" increase under U.S.S.G. § 2A2.2(b)(1). The district court properly found that this was a coordinated assault, and the guidelines focus on the characteristics of the offense, not the individual. *See* § 2A2.2(b)(1) ("[I]f *the assault* involved more than minimal planning . . . .") (emphasis added).

8.       The parties agree that the district court plainly erred in calculating Ray's criminal history score. *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc) (a finding of plain error requires error that is plain and affects substantial rights). The district court improperly counted three of Ray's juvenile offense convictions. *See* U.S.S.G. § 4A1.2(d)(2); *see also United States v. Johnson*, 205 F.3d 1197, 1199-1200 (9th Cir. 2000). The district court's plain error affected Ray's substantial rights because it increased the suggested sentencing guidelines range.[2] *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016). Thus, we vacate Ray's sentence. We decline the government's request for a limited

---

[2] Ray's criminal history score resulted in his criminal history category increasing from IV to V.

remand and remand to the district court for resentencing on an open record. *See*

*United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (en banc).

**AFFIRMED in PART, VACATED and REMANDED in PART.**