
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>SALVADOR REYES VERA, AKA Magic, AKA Albert Vera Reyes, AKA Sas, AKA Salvador Vera,<br><br>    Defendant - Appellant. | No. 12-50294<br><br>D.C. No. 8:08-cr-00280-JVS-1<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>ARMANDO REYES VERA, AKA Mando, AKA Armando Vera,<br><br>    Defendant - Appellant. | No. 12-50366<br><br>D.C. No. 8:08-cr-00280-JVS-2 |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

  [*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 12, 2014
Pasadena, California

Before: NOONAN, WARDLAW and FISHER, Circuit Judges.

Defendants Salvador and Armando Vera appeal their convictions and sentences for conspiracy to distribute and to possess with the intent to distribute heroin, cocaine and cocaine base and for using a minor to commit a drug trafficking offense. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. For the reasons stated in the concurrently filed opinion, we vacate the sentence and the drug quantity findings in the special verdict form. We affirm in all other respects.

**1.** Regardless of whether the evidence was sufficient to establish a conspiracy between the defendants and their buyers or suppliers, there was more than sufficient evidence to show the defendants agreed between themselves to possess and distribute controlled substances. For example, the defendants had access to and control over a shared stash and coordinated their drug purchases and drug sales, often communicating with each other throughout the process. Accordingly, sufficient evidence supported the defendants' conspiracy convictions. *See United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009).

**2.** Assuming all evidence at trial was properly admitted, *see United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1009 (9th Cir. 1995), sufficient evidence supported the jury's findings that the drug quantities were reasonably foreseeable and within the scope of the defendants' agreement, *see United States v. Ortiz*, 362 F.3d 1274, 1277 (9th Cir. 2004). Lavis testified that the calls established a total of 378 grams of cocaine base, 2000 grams of cocaine and 120 grams of heroin, and this summary was supported by his opinion testimony interpreting several calls. Police officers conducted surveillance and witnessed several meetings between the conversations' participants, and at least once observed a package being exchanged. Accordingly, there was sufficient evidence to conclude these conversations were not mere discussions.

**3.** Sufficient evidence supports Salvador's conviction for employment of a minor to possess with intent to distribute cocaine base, and Armando's conviction for employment of a minor to possess with intent to distribute cocaine. Reyes testified that Salvador used the defendants' minor nephew, Ramon Vera, as a drug runner. Lavis testified that a series of phone calls showed Salvador directing Ramon to obtain two ounces of cocaine base from a supplier, and that shortly afterward Ramon told Salvador "I already have it." Lavis also testified that a separate series of calls showed Ramon brokering a cocaine deal between Armando

and Yogi, and Ramon later told Armando he was "making the grams" to distribute to his client, a new customer and other regular customers. In light of this evidence, seized contraband is not necessary to support the conviction. *See United States v. Rosales*, 516 F.3d 749, 755-57 (9th Cir. 2008).

**4.** The judicial factfinding supporting the defendants' guidelines enhancements did not violate their right to a jury trial under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[1] The enhancements supported by judicial factfinding "affected neither the statutory maximum sentence nor any mandatory minimum sentence." *United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014). Moreover, we are bound to reject Salvador's argument that his Sixth Amendment rights were violated because his prior conviction was not established by a jury. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

**5.** We reject the defendants' argument that the drug quantity calculated by the district court was impermissibly high, because the base offense level would have been the same even if it rested solely on the jury's special verdict.

---

[1] Although we vacate the defendants' sentences for the reasons stated in the concurrently filed opinion, we address their sentencing arguments to provide guidance to the district court, should the government successfully retry the drug quantity issue.

**6.** The district court did not abuse its discretion by applying a 3-level enhancement for Armando's role in the offense. The district court's conclusion that he had "day-to-day operational control, taking orders and dispatching people to make deliveries, and there were clearly more than five coconspirators that he interfaced with," was supported by the record and was not clearly erroneous.

**7.** The district court did not abuse its discretion or plainly err by not applying a two-level reduction for acceptance of responsibility. It was Armando's "burden to demonstrate acceptance of responsibility," *United States v. Ochoa-Gaytan*, 265 F.3d 837, 843 (9th Cir. 2001), and Armando did not provide the probation officer "any information indicating that he accepts responsibility for his actions involving his Counts of conviction." Although he may not have been categorically barred from receiving the reduction, the district court was not required to give it, especially when he did not clearly request such a reduction. *See* U.S.S.G. § 3E1.1 cmt. n.5.

**8.** The district court did not procedurally err by failing to address Armando's double-counting argument. The district court concluded that "[t]he enhancements under Section 2D1.1(b)(14) and 2D1.2(a)(2) each punish a different aspect of using a minor." Moreover, we agree with its conclusion that each of the two minor-related enhancements "serves a unique purpose under the Guidelines."

5

*United States v. Archdale*, 229 F.3d 861, 869 (9th Cir. 2000) (quoting *United States v. Nagra*, 147 F.3d 875, 883 (9th Cir. 1998)). As the district court noted, U.S.S.G. § 2D1.2 enhances the penalties for a crime involving a minor, even if the defendant was not involved in recruiting or supervising him, whereas § 2D1.1(b)(14) enhances the penalties for having an aggravating role and being the person to involve a minor in the offense, which is "in essence the exploitation of [a] position of power."

9. Finally, we reject Armando's argument that his 210-month sentence created improper disparities with purportedly comparable co-defendants, who received sentences of 120, 51 and 37 months. The district court carefully considered and rejected this argument, explaining that not only did Armando have an aggravating role while the others did not, but also he had an enhancement for use of a minor, did not receive a reduction for accepting responsibility and was not eligible for a safety valve reduction. Under these circumstances, Armando's sentence did not create an unreasonable disparity with his codefendants, and the district court did not abuse its discretion in applying the 18 U.S.C. § 3553(a) factors.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**