**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin Darnell MILES, Defendant– Appellant.**

**No. 15–30004.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2016.*

Filed Feb. 12, 2016.

Russell E. Smoot, Assistant U.S., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Defendant–Appellant.

Appeal from the United States District Court for the Eastern District of Washington, Wm. Fremming Nielsen, Senior District Judge, Presiding. D.C. No. 2:13–cr–00008–WFN–28.

Before: O'SCANNLAIN and GOULD, Circuit Judges and BURNS,** District Judge.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

**MEMORANDUM ***

Kevin Miles challenges the 144–month sentence imposed following his guilty-plea convictions for conspiring to distribute oxycodone-based pills in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Miles' appeal is barred by the waiver of appeal provision in his plea agreement. *See United States v. Bibler*, 495 F.3d 621, 623–24 (9th Cir.2007). The illegal sentence exception does not apply because Miles' due process contention lacks merit. His argument that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), fails because the district court's drug quantity findings didn't affect the statutory maximum sentence nor subject him to a mandatory minimum sentence. *See United States v. Vallejos*, 742 F.3d 902, 906–07 (9th Cir.2014).

**DISMISSED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.