**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30130 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05810-RBL |
| v. | |
| BILLY MIRANDA FLORES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 15, 2016**

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Billy Miranda Flores appeals the 240-month sentence imposed upon remand.

We have jurisdiction under 28 U.S.C. § 1291.   We affirm, but remand to correct

the judgment.

Flores first contends that the district court violated his Sixth Amendment

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

rights under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), by relying on judicial factfinding to determine his base offense level and sentencing enhancements. This argument fails because the court's findings affected neither the statutory maximum sentence nor any mandatory minimum sentence applicable to Flores's convictions. *See United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014).

Flores next contends that the district court erred by making several factual determinations by a preponderance of the evidence, rather than clear and convincing evidence. To the extent that this claim is directed to the district court's drug quantity findings, this court has already rejected Flores's argument. *See United States v. Flores*, 725 F.3d 1028, 1035 (9th Cir. 2013). To the extent that the argument is directed to the district court's findings in support of the sentencing enhancements, Flores has not shown that the enhancements had an "extremely disproportionate effect" on his sentence such that the government was required to satisfy a higher standard of proof. *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005).

Flores next contends that the district court procedurally erred by failing to consider and address his sentencing arguments, and imposed a substantively unreasonable sentence. The record reflects that the district court expressly

14-30130

considered Flores's mitigating arguments and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Furthermore, the below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We decline to consider Flores's claim that he is entitled to a sentence reduction because any such motion should be brought in the district court in the first instance. *See* 18 U.S.C. § 3582(c)(2).

Flores's pro se motion to file a pro se reply brief is granted. We agree with the government that Flores waived his challenge to the enhancement for use of a minor by affirmatively declining to call Shelbie Ingham as a witness at his resentencing hearing. *See United States v. Olano*, 507 U.S. 725, 733 (1993). Flores's remaining pro se arguments are without merit.

Finally, the record reflects, and the parties agree, that the district court erroneously imposed a forfeiture order in the amended judgment. We reject Flores's contention that this error requires a resentencing hearing. Instead, we remand with instructions to the district court to strike the forfeiture order. *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1061-62 (9th Cir. 2000).

The government's motion for judicial notice is granted.

Flores's pro se request to file a supplemental brief, filed on March 11, 2016, is denied.

**AFFIRMED; REMANDED to correct the judgment.**