**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee*,

v.

ERIC PAUL VALLEJOS,
       *Defendant-Appellant*.

</td><td>

No. 13-10025

D.C. No.
1:11-cr-00171-LJO-1

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
December 2, 2013—San Francisco, California

Filed February 10, 2014

Before: Michael Daly Hawkins, Ronald M. Gould,
and Richard A. Paez, Circuit Judges.

Opinion by Judge Gould

## SUMMARY[*]

### Criminal Law

The panel affirmed a conviction and sentence under 18 U.S.C. § 2252(a)(2) for receipt of material involving the sexual exploitation of minors.

The panel held that a redacted version of the defendant's confession was not misleading and therefore the Rule of Completeness did not require admission of the full statement into evidence.

The panel held that the district court did not abuse its discretion when it declined to instruct on the lesser-included offense of possession of child pornography under 18 U.S.C. § 2252(a)(4).

The panel held that because a distribution enhancement under U.S.S.G. § 2G2.2(b)(3)(F) affected neither the statutory maximum nor any mandatory minimum sentence, neither *Apprendi v. New Jersey* nor *Alleyne v. United States* is implicated.

The panel held that the district court properly applied a two-level distribution enhancement under § 2G2.2(b)(3)(F) to the defendant, who used a file-sharing program to download child pornography that, whether knowingly or unknowingly, allowed others access to those files. The panel held it matters not, for purposes of the enhancement, whether

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

someone else actually downloads a file from the defendant's computer.

## COUNSEL

Ann H. McGlenon (argued), Assistant Federal Defender, Heather Williams, Federal Defender, Joseph Schlesinger, Acting Federal Defender, Fresno, California, for Defendant-Appellant.

David L. Gappa (argued) and Megan A.S. Richards, Assistant United States Attorneys; Benjamin B. Wagner, United States Attorney, Fresno, California, for Plaintiff-Appellee.

## OPINION

GOULD, Circuit Judge:

Defendant-Appellant Eric Paul Vallejos ("Vallejos") appeals his conviction and sentence under 18 U.S.C § 2252(a)(2) for receipt of material involving the sexual exploitation of minors. Specifically, Vallejos appeals the district court's decision to deny his requests that (1) his unedited confession be shown to the jury under the Rule of Completeness, Fed. R. Evid. 106, and (2) the jury be instructed on the lesser-included charge of possession of child pornography. He also appeals the district court's application of a sentencing enhancement for distribution. *See* U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(F). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On September 16, 2010, police detective Arthur Hively ("Detective Hively") used a computer program to discover that Vallejos was making available on a peer-to-peer file-sharing network dozens of files whose names "were consistent with child pornography." Detective Hively downloaded three of these files and confirmed that they were pornographic images of children.

Three weeks later, police officers executing a search warrant discovered dozens of child pornography images and videos, and a peer-to-peer file sharing program called LimeWire, on Vallejos's computer.[1] During a forensic examination of Vallejos's computer, Detective Hively found some of the images he had downloaded as part of his initial investigation the previous month. After the search, Vallejos admitted to officers that "he was responsible for the child pornography that was on the computer," and he voluntarily gave the police an audio- and video-recorded statement to that effect. The district court played an edited version of this statement at trial. After a two-day trial, a jury found Vallejos guilty of receipt of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2).

The pre-sentence report recommended a sentence of 235 months, based on an offense level of 35, a criminal history category of IV, and a Sentencing Guidelines range of 235 months to 293 months. At issue here is a two-level enhancement for "distribution" under U.S.S.G. § 2G2.2(b)(3)(F) in light of Vallejos's use of a peer-to-peer

---

[1] At trial, Detective Hively testified about the operation of LimeWire. Specifically, he explained that one of the program's default settings is such that files downloaded to a user's "shared folder" are "shared with anybody . . . on the peer-to-peer network system."

file sharing network.[2]  The district court adopted the pre-sentence report's calculations, considered the 18 U.S.C. § 3553 factors, and sentenced Vallejos to 188 months imprisonment—nearly 50 months shy of the low end of the Guidelines range—and 180 months of supervised release.

## I

We review the district court's decision on the Rule of Completeness for an abuse of discretion. *See United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).  We review *de novo* whether possession is a lesser-included offense of receipt, but we review for an abuse of discretion the district court's decision not to instruct the jury on possession. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 832 (9th Cir. 2009).  We review the district court's interpretation of the Sentencing Guidelines *de novo*, its application of the Guidelines to the facts of the case for an abuse of discretion, and its factual findings for clear error. *See United States v. Jennings*, 711 F.3d 1144, 1146 (9th Cir. 2013).

## II

Federal Rule of Evidence 106 codified the common law Rule of Completeness, which exists to avert "misunderstanding or distortion" caused by introduction of

---

[2] The Government requested this enhancement for "distribution," despite Vallejos's conviction for "receipt," on the theory that when Detective Hively downloaded some of the child pornography located on Vallejos's computer, Vallejos effectively "distributed" those files to Detective Hively.  In other words, the Government argued, Vallejos's knowing use of a peer-to-peer file-sharing program—which explicitly warned its users: "Files in your public shared list are shared with the world"—constituted both receipt and distribution.

only part of a document.  *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988); *see also* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.").  The Rule does not, however, require the introduction of *any* unedited writing or statement merely because an adverse party has introduced an edited version.  Rather, "it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them."  *Collicott*, 92 F.3d at 983 (internal quotation marks omitted).  In other words, if the "complete statement [does] not serve to correct a misleading impression" in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement. *Id.*; *see also United States v. Dorrell*, 758 F.2d 427, 434–35 (9th Cir. 1985) (finding no Rule of Completeness violation where the edited version of a confession did not "distort[] the meaning of the statement" (internal quotation marks omitted)).

Vallejos contends that the redacted version of his confession misled the jury because it left out parts concerning, among other things, his prior prison sentence, his drug history, and his church.  This argument misunderstands the Rule's purpose.  The district court properly concluded that the Rule of Completeness is not so broad as to require the admission of all redacted portions of a statement, without regard to content.  *See Collicott*, 92 F.3d at 983.  The district court explained that "[j]ust because somebody is putting in part of a transcript . . . does not mean for the sake of

completeness, everything comes in," and it properly rejected Vallejos's argument that the redacted portions should be admitted to show the jury the "flavor of the interview," to "humanize" Vallejos, to prove his "character," and to convey to the jury the voluntariness of the statement. The district court did not abuse its discretion when it determined that—while this evidence might be relevant to "sympathy" and sentencing—the redacted statement was not misleading and therefore that the Rule of Completeness did not require admission of the full statement into evidence. *See id.*

## III

The district court also did not abuse its discretion when it declined to instruct the jury on possession. Possession of child pornography under 18 U.S.C. § 2252(a)(4) is a lesser-included offense of receipt of child pornography under 18 U.S.C. § 2252(a)(2). *See, e.g.*, *United States v. Schales*, 546 F.3d 965, 977 (9th Cir. 2008); *United States v. Davenport*, 519 F.3d 940, 945 (9th Cir. 2008). But a defendant who is charged with receipt of child pornography is entitled to an instruction on possession only "if the evidence would permit a jury rationally to find him guilty of [possession] and acquit him of [receipt]." *Keeble v. United States*, 412 U.S. 205, 208 (1973); *see also United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (quoting *Keeble*).

Vallejos admitted at trial that he "received many images of child pornography" and that he viewed both photos and videos on his computer. Nonetheless, he asked the court to instruct the jury that it could find him guilty of possession of child pornography if it did not find him guilty of receipt beyond a reasonable doubt. The district court properly denied Vallejos's request, noting that it was "undisputed" that

Vallejos "received" child pornography. Receipt of child pornography requires the same elements as possession, with an additional element of "knowing acceptance or taking." *Davenport*, 519 F.3d at 943. There was clear and undisputed evidence that Vallejos knew he was downloading child pornography—indeed, there were multiple admissions from him to that effect. We conclude that no rational jury could have found Vallejos guilty of possession but acquitted him of receipt.

## IV

We turn now to Vallejos's final argument that, under the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), his distribution enhancement was unconstitutional because a defendant may be sentenced only upon the elements of an offense to which he has pleaded guilty or which were proven at trial. Vallejos argues that because "he had no intent to distribute" child pornography, the district court should have calculated his sentence using an offense level consistent with receipt, rather than one consistent with receipt plus an enhancement for distribution.[3]

"Any fact . . . necessary to support a sentence exceeding the maximum authorized by the facts . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005). However, "[w]hen a trial judge exercises his discretion to select a

---

[3] Distribution, according to Vallejos, is not "proven by a person opening a LimeWire file"; rather, it "requires a knowing fact, . . . an active ability to reach out to another and give to someone, sell to someone, distribute to someone, not simply to sit in his living room and look at something."

specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.* at 233. And if a particular fact is not an "element or ingredient of the charged offense," it need not be found by a jury beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013) (internal quotation marks omitted).

Vallejos misunderstands the law. The distribution enhancement affected neither the statutory maximum sentence nor any mandatory minimum sentence; thus, neither *Apprendi* nor *Alleyne v. United States* is implicated. *See id.* at 2163 (holding that judicial factfinding in imposing a judgment within the range prescribed by statute does not violate the Sixth Amendment). The district court correctly calculated Vallejos's base offense level as 22. *See* U.S.S.G. § 2G2.2(a). After several uncontested enhancements[4] and a two-level decrease for acceptance of responsibility, Vallejos's offense level stood at 33. The district court then applied a two-level distribution enhancement on the theory that Vallejos "affirmatively installed a peer-to-peer file sharing network," which, "by its very nature," allows one both to "receive" and to "distribute" material. *See id.* § 2G2.2(b)(3)(F). Because the effect of using a file-sharing program "is to receive and to send out," the district court concluded that there was a "distribution aspect" to Vallejos's actions.

---

[4] The district court applied increases for: material involving a prepubescent minor (+2); material portraying sadistic or masochistic conduct or other depictions of violence (+4); the use of a computer for the possession, transmission, receipt, or distribution of the material (+2); and the receipt of more than 600 images (+5). *See id.* § 2G2.2(a)–(b).

We have not yet addressed whether the use of a file-sharing program to download child pornography, without more, is sufficient to sustain a sentencing enhancement for distribution under U.S.S.G. § 2G2.2(b)(3)(F) upon a conviction for receipt. We have, however, previously held that "evidence of a deliberate, affirmative action of delivery" is not required to sustain a conviction for distribution of child pornography under 18 U.S.C § 2252(a)(2). *United States v. Budziak*, 697 F.3d 1105, 1108–09 (9th Cir. 2012). Rather, we held, "evidence is sufficient to support a conviction for distribution . . . when it shows that the defendant maintained child pornography in a shared folder, knew that doing so would allow others to download it, and another person actually downloaded it." *Id.* at 1109 (internal citation omitted).

In similar cases, two of our sister circuits have held that the mere use of a file-sharing program to download child pornography is enough to warrant the two-level distribution enhancement. *See United States v. Ray*, 704 F.3d 1307, 1311–12 (10th Cir. 2013) ("§ 2G2.2(b)(3)(F) does not require that a defendant know about the distribution capability of the program he is using to view child pornography."); *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009) ("[U]se of a peer-to-peer file sharing program constitutes 'distribution' for the purposes of U.S.S.G. § 2G2.2(b)(3)(F).").

These circuits, as well as others, have endorsed applications of the enhancement in similar circumstances and agree that "an *intent to distribute* is not required for an act to qualify as 'distribution' under § 2G2.2(b)." *United States v. Ramos*, 695 F.3d 1035, 1041 (10th Cir. 2012); *see also, e.g.*, *United States v. McManus*, 734 F.3d 315, 319 (4th Cir. 2013) ("§ 2G2.2(b)(3)(F) is a residual enhancement" that may be

applied "when a defendant knowingly permits others to access and retrieve child pornography files in the defendant's possession, even if he does so passively."); *United States v. Reingold*, 731 F.3d 204, 229–30 (2d Cir. 2013) ("[K]nowingly placing child pornography files in a shared folder on a peer-to-peer file-sharing network constitutes distribution . . . even if no one actually obtains an image from the folder" and "without regard to whether the defendant's primary purpose in placing child pornography files in a file-sharing program was to receive or to distribute child pornography."); *United States v. Chiaradio*, 684 F.3d 265, 282 (1st Cir. 2012) ("The fact that the defendant did not actively elect to transmit those files is irrelevant."); *United States v. Bolton*, 669 F.3d 780 (6th Cir. 2012); *United States v. Spriggs*, 666 F.3d 1284, 1287 (11th Cir. 2012) ("[T]o establish distribution, the government does not need to prove that another user actually downloaded a file from [the user's] computer. . . . When the user knowingly makes the files accessible to others, the distribution is complete."); *United States v. Carani*, 492 F.3d 867, 875–76 (7th Cir. 2007) (noting that the "passive nature" of the file-sharing program is "irrelevant" to the propriety of a distribution enhancement (internal quotation marks omitted)).

Courts have, however, occasionally been reluctant to apply the distribution enhancement based solely on the use of a file-sharing program. *See, e.g.*, *United States v. Robinson*, 714 F.3d 466, 468 (7th Cir. 2013) ("[T]he sentencing judge must find that the defendant either knew, or was reckless in failing to discover, that the files he was downloading could be viewed online by other people."); *United States v. Durham*, 618 F.3d 921, 931 (8th Cir. 2010) ("[W]e have explicitly rejected any suggestion we automatically apply a distribution enhancement based merely on a defendant's use of a file-

sharing program."). Nonetheless, even the Eighth Circuit, which has adopted a case-by-case approach to the enhancement, regularly applies it to defendants who, like Vallejos, demonstrate even minimal knowledge about the operation of file-sharing programs. *See, e.g.*, *United States v. Glassgow*, 682 F.3d 1107, 1110 (8th Cir. 2012) ("[I]f a defendant uses a file-sharing program, a fact-finder may reasonably infer he intended to distribute files, unless there is concrete evidence of ignorance." (internal quotation marks omitted)); *United States v. Dodd*, 598 F.3d 449, 452–53 (8th Cir. 2010) ("[D]istribution as defined in § 2G2.2 includes operating a file sharing program that enables other participating users to access and download files placed in a shared folder, and then placing child pornography files in that folder.").

Following at least eight of our sister circuits, we hold that the knowing use of a file-sharing program to download child pornography involves not merely the receipt of illicit material, but also the reciprocal distribution of it. We therefore conclude that the district court properly applied a two-level distribution enhancement under U.S.S.G. § 2G2.2(b)(3)(F) to Vallejos, who used a file-sharing program to download child pornography that, whether knowingly or unknowingly, allowed others access to those files.[5]

---

[5] We need not decide in this case whether ignorance can defeat the enhancement. In *United States v. Durham*, for example, the Eighth Circuit declined to apply the enhancement to a defendant who neither installed the file-sharing program on his computer nor knew how to operate it. 618 F.3d at 928. Because Vallejos installed LimeWire and knew how to use the program, we need not elaborate here on what specifically may constitute evidence sufficient to avoid application of the enhancement. It is enough to observe that Vallejos did not present evidence that he had so little knowledge of how LimeWire worked as would unmistakably negate

We also join our sister circuits in holding that it matters not, for purposes of the enhancement, whether someone else actually downloads a file from the defendant's computer. *See Spriggs*, 666 F.3d at 1287. Our holding is consistent with the plain language of the Sentencing Guidelines, which are silent with respect to intent, and which define "distribution" broadly as "any act, including . . . transmission, . . . related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2 cmt. n.1.

Vallejos understood how LimeWire operated. He testified at trial that he initially downloaded the file-sharing program "for music" but that he "came across" child pornography while using LimeWire to view adult pornography. He said that child pornography "piqued his interest" and that he began to "copy information from child pornography files . . . and use information in those titles to search for other files." He testified about the search terms he used to "get more child pornography," and he explained that he generally deleted images after viewing them. Finally, as Detective Hively testified at trial, LimeWire explicitly warned its users: "Files in your public shared list are shared with the world." The district court did not abuse its discretion when it applied a two-level distribution enhancement in calculating Vallejos's sentence.

Nor did the district court misread the Sentencing Guidelines, which explicitly authorize a distribution enhancement for defendants convicted of "Receiving, Transporting, Shipping, Soliciting, *or* Advertising Material Involving the Sexual Exploitation of a Minor." *Id.* § 2G2.2

---

his presumed intent to distribute the child pornography files on his computer to all LimeWire users.

(emphasis added). It is irrelevant that facts supporting the enhancement were neither alleged in the indictment nor proven to the jury beyond a reasonable doubt. Because the district court found by a preponderance of the evidence that Vallejos distributed child pornography, it was authorized to apply the distribution enhancement. *See United States v. Riley*, 335 F.3d 919, 925 (9th Cir. 2003) ("Generally, factual findings underlying sentence enhancements must be supported by a preponderance of the evidence.").

**AFFIRMED.**