**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30116 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00077-RMP |
| v. | |
| ASHLEY BONAIR CHAMBERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Ashley Bonair Chambers appeals from the district court's judgment and

challenges his jury-trial conviction and 30-month sentence for bank fraud, in

violation of 18 U.S.C. § 1344; wire fraud affecting a financial institution, in

violation of 18 U.S.C. § 1343; and conspiracy to commit bank fraud and wire fraud

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affecting a financial institution, in violation of 18 U.S.C. § 1349. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Chambers contends that the district court erred by refusing to instruct the jury to determine the amount of loss resulting from each of his convictions. We review de novo. *See United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014). Because the loss amount calculations affected neither the statutory maximum nor any mandatory minimum sentence applicable to Chambers's convictions, the district court was not required to submit them to the jury. *See United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014). The district court appropriately exercised its discretion to determine the loss amount during sentencing, pursuant to the advisory Guidelines. *See United States v. Booker*, 543 U.S. 220, 233 (2005).

Chambers's second motion for reconsideration of the court's order declining to entertain his pro se motion to intervene is denied. The arguments contained in Chambers's pro se motions filed on January 13, 2016, and February 4, 2016, have been considered and do not change the result in this case.

**AFFIRMED.**