FILED

NOT FOR PUBLICATION

JUN 09 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50402 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00072-RGK-50 |
| v. | |
| MIGUEL AGUSTIN RAMIREZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 6, 2016
Pasadena, California

Before: KOZINSKI, W. FLETCHER, and GOULD, Circuit Judges.

Miguel Ramirez appeals the denial of his motion to suppress evidence of

phone calls intercepted through a wiretap of Mher Darbinyan's phone. Ramirez

also appeals his conviction for possession of a firearm by a felon, 18 U.S.C.

§ 922(g)(1), and his sentence. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.      The district court did not abuse its discretion in concluding that the wiretap of Mher Darbinyan's phone was necessary as required by 18 U.S.C. § 2518(1)(c). *See United States v. Fernandez*, 388 F.3d 1199, 1235–37 & n.23 (9th Cir. 2004). Nor did any minor and immaterial omissions in the wiretap application violate the "full and complete statement" requirement in 18 U.S.C. § 2518(1)(c). *See United States v. Rivera*, 527 F.3d 891, 898–902 (9th Cir. 2008). Because any omissions were immaterial, the district court did not err in declining to hold a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). *See id.* at 155–56.

2.      The district court erred by allowing the government to introduce substantial amounts of irrelevant evidence about the activities of the Armenian Power gang. This error did not affect Ramirez's substantial rights, however. *United States v. Olano*, 507 U.S. 725, 732 (1993). Police heard Ramirez say over the wiretap that he had "a snub nose with no hammer," i.e., a short-barrel firearm without an external cocking device, and Darbinyan told an associate that Ramirez would be bringing "a handheld thing, that's missing the thing on the back" to a dispensary in Hollywood. The day after officers saw Ramirez at the dispensary, police recovered a firearm fitting this unusual description from a bag that they saw carried out of the dispensary. Given the overwhelming evidence that Ramirez possessed a firearm, the erroneous admission of gang-related evidence did not

2

affect Ramirez's substantial rights. *See United States v. Sine*, 493 F.3d 1021, 1038–40, 1041 (9th Cir. 2007). For the same reason, even if we assume that Agent Stebbins inappropriately "vouched" for the government by testifying to Ramirez's guilt, Ramirez would not be entitled to reversal of his conviction.

3. The district court did not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because the sentencing enhancements it imposed "affected neither the statutory maximum sentence nor any mandatory minimum sentence." *United States v. Vallejos*, 742 F.3d 902, 906 (9th Cir. 2014).

**AFFIRMED.**