**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50272 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 5:12-cr-00085-VAP |
| TERESA DEMINT, a.k.a. Teresa Annette Demint, a.k.a. Teresa A. Lind, a.k.a. Teresa Annett Lind, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted August 30, 2016
Pasadena, California

Before: SILVERMAN, FISHER, and WATFORD, Circuit Judges.

Teresa DeMint appeals her conviction after jury trial of seven counts of

causing embezzlement and theft from an employee benefit plan, in violation of 18

U.S.C. § 664. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On appeal, DeMint challenges various evidentiary rulings at trial, claiming that they were caused by the district court's misapprehension of the requisite mens rea. Specifically, she claims that the district court failed to recognize that the government was required to prove that she acted willfully, i.e. with a fraudulent intent, bad purpose, or evil motive, to deprive another of property. *See United States v. Wiseman*, 274 F.3d 1235, 1240 (9th Cir. 2001) (defendant "must knowingly act wrongfully to deprive another of property" (alteration in original) (internal quotation marks omitted)). This contention is belied by the record. The district court inquired, and was correctly informed, about the requisite mens rea at the pretrial conference. The district court additionally correctly instructed the jury as to the willfulness requirement, as DeMint concedes. While the district court focused many of its evidentiary rulings on whether the proffered evidence was relevant to DeMint's knowledge, this was because the defense theory at trial was that DeMint lacked the requisite mens rea because she did not know that the funds in question were pension funds. The district court did not misapprehend the required mens rea; it simply focused its comments on the defense arguments.

We now take each of DeMint's claims of evidentiary error in turn. We review for abuse of discretion the district court's evidentiary rulings during trial. *See United States v. Alvarez*, 358 F.3d 1194, 1216 (9th Cir. 2004); *United States v.*

*Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). We will reverse based on abuse of discretion in evidentiary rulings only if such errors more likely than not affected the verdict. *See United States v. Angwin*, 271 F.3d 786, 798 (9th Cir. 2001), *overruled on other grounds in United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc).

DeMint contends that the district court erred in categorically barring her from presenting evidence that some of the transferred pension funds were used to pay the company's business expenses, rather than going to her personal benefit. There was no such blanket preclusion. While the district court did limit cross-examination of Special Agent Tim Weston to matters within the scope of his direct testimony, the record reflects that the district court made clear that DeMint could present such evidence through other witnesses. Any error would in any event have been harmless, because evidence that the funds were used for business expenses was introduced through other witnesses later in the trial, and because the use of funds for non-pension purposes established, rather than refuted, her guilt. *See United States v. Mett*, 178 F.3d 1058, 1068 (9th Cir. 1999) (rejecting argument that pension funds not willfully misused when utilized for good of company so that employees may keep their jobs).

Nor did the district court err by sustaining a relevance objection to questions about DeMint's experience in selling residential real estate. Evidence of DeMint's degree of success, or limited success, in mortgage sales more than two decades earlier had little, if any, evidentiary value in determining whether she was aware that the funds being transferred out of the pension account were pension funds. Even if the evidence had some relevance, any error was harmless because DeMint nonetheless introduced other evidence of her purported lack of sophistication.

DeMint argues that Richard Clark should have been permitted to testify that in his opinion DeMint lacked financial sophistication. No offer of proof of what Clark would have testified to was made. But even assuming Clark would have testified that he believed DeMint lacked financial sophistication and that such testimony was lay opinion testimony outside the district court's prior in limine ruling, any error in excluding it was harmless. Clark was permitted to testify that the company would not have been easy to run without a business or financial background, and DeMint herself testified that she did not have such a background. The evidence would have been of minimal value in assessing whether DeMint knew that the funds were pension funds, particularly in light of the more direct testimony by the company's controller that he and DeMint discussed the withdrawals and that the withdrawals were coming from the pension fund.

4

DeMint argues that the district court erred in excluding evidence that illegal pension fund withdrawals predated her tenure at the company. However, DeMint never laid a foundation that she was aware of prior practices regarding the pension fund. Absent such a foundation, the district court correctly excluded the evidence on relevance grounds.

DeMint argues that evidence of prior practices regarding the pension account was relevant to show that the company's controller, David Pachon, could have made the transfers on his own, without DeMint's knowledge or participation, simply by continuing a system that was already in place. *See United States v. Cohen*, 888 F.2d 770, 776-77 (11th Cir. 1989) (evidence of government witness's other prior fraudulent acts could have shown witness "was capable of concocting and managing the fraudulent scheme without [defendants'] participation"). However, even if the district court erred in excluding this evidence on relevance grounds, the error did not more likely than not affect the verdict. The evidence against DeMint was strong, and evidence that prior management had also at times made improper transfers from the pension account would not have significantly altered the evidence supporting her conviction.

DeMint argues that the district court erred in permitting the government to introduce evidence that portions of the pension funds were spent on her gambling

losses, car, or other personal expenses. Evidence of motive in the form of personal benefit can be circumstantial evidence that a defendant acted knowingly and willfully, and evidence that the funds were spent for purposes other than benefit to the trust was relevant. *United States v. Andreen*, 628 F.2d 1236, 1245 (9th Cir. 1980) ("Criminal intent may be inferred from proof the actions were unauthorized or without benefit to the trust, or from evidence that transfers yielded personal profit to the trustees."). The evidence was properly admitted.

DeMint claims that she should have been permitted to elicit additional testimony about statements she made to Investigator Matt Chandler under the "Rule of Completeness," which prevents a party from introducing a "misleadingly tailored snippet" of a document. *United States v. Collicott*, 92 F.3d 973, 982-83 (9th Cir. 1996). However, DeMint's proffer at trial concerning the additional statements did not show that they contradicted the investigator's statement. The investigator's testimony was not misleading without the additional context; the additional information confirmed, rather than undermined, that DeMint agreed to transfer money out of the retirement plan. Given this proffer, the district court did not err in excluding the evidence on hearsay grounds, and not permitting it to be introduced under the Rule of Completeness.

DeMint claims that exclusion of her additional statements to Chandler violated her Confrontation Clause rights. We review de novo alleged violations of the Confrontation Clause, *see United States v. Peterson*, 140 F.3d 819, 821 (9th Cir. 1998), and find no violation here. Precluding a defendant from eliciting inadmissible hearsay on cross-examination, particularly where the defendant testifies to the statements herself, does not constitute the type of severe limitation on cross-examination that violates the Confrontation Clause. *United States v. Ortega*, 203 F.3d 675, 683 (9th Cir. 2000).

Finally, DeMint complains about the cumulative impact of the alleged errors, and asserts that the district court deprived her of the right to present a defense. These arguments are without merit.

**AFFIRMED.**