**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50262 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-04222-L-1 |
| v. | |
| JUAN CARLOS MERAZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted October 21, 2016[**]
Pasadena, California

Before: TALLMAN, PARKER,[***] and CHRISTEN, Circuit Judges.

Juan Carlos Meraz appeals a jury conviction for importation of

methamphetamine in violation of 21 U.S.C. §§ 952 and 960. The government did

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

not charge the drug quantity, which would have triggered a mandatory minimum sentence of ten years under 21 U.S.C. § 960(b)(1)(H).  The district court denied Meraz's motion to dismiss the information as deficient for failing to allege that Meraz knew the drug type and quantity.  The district court varied from the advisory guidelines sentencing range and sentenced Meraz to seventy months in custody, followed by five years of supervised release.

At trial, the district court allowed the government to introduce excerpts from two recorded jail telephone calls between Meraz and his family as admissions by a party opponent under Federal Rule of Evidence 801(d)(2).  The court excluded excerpts from two different calls—in which Meraz denied his guilt—as inadmissible hearsay.  Meraz argues that the government's excerpts were misleading and the court violated Federal Rule of Evidence 106 (Rule of Completeness) by excluding the additional calls Meraz sought to introduce.  Meraz also asserts that this court should reverse the conviction because the prosecutor disparaged defense counsel in rebuttal closing argument.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1. "We review the district court's decision on the Rule of Completeness for an abuse of discretion."  *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir.

2014) (citing *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996)). The two excerpts the government introduced were not misleading, and the district court correctly determined that Federal Rule of Evidence 106 did not apply. *See id.* (explaining "if the 'complete statement [does] not serve to correct a misleading impression' . . . created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement" (alteration in original) (quoting *Collicott*, 92 F.3d at 983)).

Even if Rule 106 did apply, it "does not compel admission of otherwise inadmissible hearsay evidence." *Collicott*, 92 F.3d at 983 (internal quotation marks omitted). While the self-inculpatory statements the government introduced are admissions by a party-opponent and are therefore not hearsay, *see* Fed. R. Evid. 801(d)(2), the non-self-inculpatory statements Meraz offered were inadmissible hearsay. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (citing *Williamson v. United States*, 512 U.S. 594, 599 (1994)). Therefore, the district court did not abuse its discretion in excluding the additional telephone calls Meraz sought to introduce.

2. "Where defense counsel objects at trial to acts of alleged prosecutorial misconduct, we review for harmless error on defendant's appeal; absent such an objection, we review under the more deferential plain error standard." *United*

3

*States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013) (quoting *United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010)).  Meraz only objected to one of the allegedly disparaging remarks he now challenges: the prosecutor referred to defense counsel's argument that Meraz served as an unknowing drug courier as a "fantasy."

A prosecutor may not attack "the integrity of defense counsel," but may attack "the strength of the defense on the merits."  *United States v. Nobari*, 574 F.3d 1065, 1079 (9th Cir. 2009).  After referring to the defense's unknowing courier theory as a "fantasy," the prosecutor listed all the facts undermining it, including that Meraz lived three hours away from the United States-Mexico border; that Meraz did not have a regular crossing pattern traffickers could have predicted; that the alternative suspects would have had to conceal the drugs in the spare tire affixed to Meraz's truck in broad daylight; that the alternative suspects did not know Meraz planned to visit Mexico on the day of the crime; and that Meraz parked in an access-controlled parking lot in the United States, which would have made it difficult for the alternative suspects to retrieve the drugs.  The prosecutor's comments may have demonstrated less than the desired degree of

professional courtesy and respect,[1] but the prosecutor did not accuse defense counsel of fabricating a story or perpetrating a scam. *Compare Ruiz*, 710 F.3d at 1086 (holding "the prosecutor's characterization of the defense's case as 'smoke and mirrors' was not misconduct"), *with United States v. Sanchez*, 176 F.3d 1214, 1224 (9th Cir. 1999) (finding misconduct where prosecutor stated, "[T]he defense in this case read the records and then told a story to match the records. And, ladies and gentlemen, I'm going to ask you not to credit that scam that has been perpetrated on you here."). The prosecutor's comments during rebuttal closing argument did not constitute misconduct.

3. Meraz concedes that this court held in *United States v. Jefferson*, 791 F.3d 1013, 1019 (9th Cir. 2015), that 21 U.S.C. §§ 952 and 960 do not require the government to prove a defendant knew the type or quantity of drug imported. Meraz only raises this issue to preserve it for Supreme Court review.

Meraz's argument under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), also fails, however, because the government did not charge the drug quantity, which would have triggered the ten-year mandatory minimum sentence under § 960(b)(1)(H). Instead, the amount and quantity of methamphetamine were

---

[1]       The prosecutor's comments included: "Let's indulge in this fantasy," "She even had a nice graph," and a reference to defense counsel's "nice little checklist."

factored into the advisory guidelines range. The district court applied a two-level enhancement under United States Sentencing Guidelines § 2D1.1(b)(5) because the offense involved the importation of methamphetamine that the defendant knew was imported unlawfully and the defendant was not subject to a mitigating role adjustment.

After calculating the range, the district court varied from it considerably. "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Vallejos*, 742 F.3d 902, 906 (9th Cir. 2014) (quoting *United States v. Booker*, 543 U.S. 220, 233 (2005)). The § 2D1.1(b)(5) methamphetamine enhancement "affected neither the statutory maximum sentence nor any mandatory minimum sentence; thus, neither [*Apprendi v. New Jersey*, 530 U.S. 466 (2000)] nor *Alleyne v. United States* is implicated." *See id.* (citing *Alleyne*, 133 S. Ct. at 2163).

Each party shall bear its own costs.

**AFFIRMED**.