NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES MOLNAR,

Defendant-Appellant.

No. 15-50428

D.C. No. 3:14-cr-01340-JLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Charles Molnar appeals from the district court's judgment and challenges

the 188-month concurrent sentences imposed following his guilty-plea convictions

for receipt and possession of material involving the sexual exploitation of minors,

in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B).  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Molnar contends that the district court erred by increasing his sentence based on facts that were not alleged in the indictment nor proven beyond a reasonable doubt. This argument fails because the court's factual findings affected neither the statutory maximum sentence nor any mandatory minimum sentence applicable to Molnar's conviction, and, therefore, the Sixth Amendment was not violated. *See United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014).

Molnar next contends that his sentence is substantively unreasonable in light of the mitigating factors. The district court did not abuse its discretion in imposing Molnar's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The high-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51. Furthermore, the record reflects that the district court considered Molnar's mitigating arguments.

**AFFIRMED.**