NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10362 |
| Plaintiff-Appellee, | D.C. No. 3:95-cr-00231-WHA-1 |
| v. | |
| HERMILO VIRELAS MACIEL, AKA Hermilo Virelas-Maciel, AKA J. Hermilo Virelas-Maciel, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 18, 2019**

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Hermilo Virelas Maciel appeals from the district court's judgment and

challenges the 96-month sentence imposed upon his guilty-plea conviction for

conspiracy to possess with intent to distribute and possession with intent to

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

distribute methamphetamine, in violation of 21 U.S.C §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Maciel first asserts that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve contested issues at sentencing. Contrary to Maciel's argument, the record reflects that the district court accepted the government's concession that it was required to establish the drug quantity by clear and convincing evidence and concluded that the government had met that burden. This was sufficient to satisfy Rule 32. *See United States v. Karterman*, 60 F.3d 576, 583 (9th Cir. 1995) (Rule 32 is satisfied if the district court's "statements demonstrate that [it] considered [defendant's] objections, but resolved the disputed facts against him").

Maciel also argues that the court erred by using a base offense level of 34. However, the government's laboratory reports, whose accuracy and admissibility Maciel conceded, provided clear and convincing evidence that Maciel had possessed a quantity of methamphetamine corresponding to a base offense level of 34.[1] *See* U.S.S.G. § 2D1.1(c)(3). Maciel's assertion that the district court erred in

---

[1] Because the evidence supporting the district court's drug quantity determination satisfies the clear and convincing standard of proof, we assume without deciding that this standard applies here. *See United States v. Hymas*, 780 F.3d 1285, 1289 (9th Cir. 2015) (preponderance of the evidence standard of proof generally applies to facts found at sentencing, but the higher clear and convincing standard applies when a sentencing factor has "an extremely disproportionate effect" on the sentence) (internal quotation marks omitted).

18-10362

relying on facts to which he did not admit during his change of plea hearing fails; unlike in the cases cited by Maciel, the facts here did not affect the statutory maximum. *See United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014) (facts supporting a sentencing enhancement need not be found by a jury or admitted if they do not affect the statutory minimum or maximum).

**AFFIRMED.**