NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>FRANKIE ALLEN PERAZA,<br><br>Defendant-Appellant. | No.　18-10086<br><br>D.C. No.<br>2:14-cr-00229-APG-NJK-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 24, 2020[**]
Las Vegas, Nevada

Before:　W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

A jury convicted Frankie Peraza of knowing receipt or distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).　On appeal, Peraza challenges his conviction as well as his sentence of 150 months' imprisonment followed by lifetime supervised release.　We affirm Peraza's conviction and

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

sentence, with the exception of two conditions of Peraza's supervised release, which we vacate and remand.

1. The district court did not abuse its discretion by declining to strike Juror 30 for actual bias. Ultimately, the juror unequivocally stated that he could decide the case based solely on the facts and evidence presented in conjunction with the law the district court instructed him to apply. We see no basis in the record to second-guess the district court's decision to accept as credible Juror 30's assurances that he could be fair and impartial. *See United States v. Kechedzian*, 902 F.3d 1023, 1027–29 (9th Cir. 2018).

2. The district court properly denied Peraza's motion to suppress his confession. A reasonable person in Peraza's position would have understood that he was free to leave. Unlike in *United States v. Craighead*, 539 F.3d 1073, 1188–89 (9th Cir. 2008), the circumstances in this case do not call into question the law enforcement officer's assertion that the defendant was free to leave. Because Peraza was not in custody, Detective Cody was not required to inform him of his *Miranda* rights, and his noncustodial confession was therefore properly admitted.

3. Even assuming that the district court erred by not instructing the jury that 18 U.S.C. § 2252(a)(2) requires proof of knowledge that the visual depiction contains both a minor and sexually explicit conduct, any such error was harmless. The evidence at trial showed that Peraza used search terms that were indicative

only of child pornography, such as terms that included the names, ages, and sexually explicit conduct of the minors who were depicted. Because overwhelming evidence established that Peraza knowingly downloaded child pornography, any instructional error was harmless. *See United States v. Cherer*, 513 F.3d 1150, 1155 (9th Cir. 2008).

Peraza was not entitled to an instruction on the lesser-included offense of possession because the evidence would not have permitted a rational jury to acquit him of knowing receipt yet convict him of possession. *See United States v. Vallejos*, 742 F.3d 902, 906 (9th Cir. 2014). In any event, Peraza did not request the instruction and it was not plain error for the district court not to give a lesser-included offense instruction sua sponte.

**4.** Peraza also has not shown that any failure by the district court to instruct the jury that the images must depict actual minors amounted to plain error. *See United States v. Perez*, 116 F.3d 840, 848 (9th Cir. 1997). He does not contest that the five images shown to the jury unquestionably depict actual children. Thus, his plain error challenge on this score fails.

**5.** In light of Peraza's confession and the other evidence adduced at trial, including testimony that the images traveled outside Nevada and back, sufficient evidence supports Peraza's conviction.

**6.** Peraza was not entitled to a two-level, receipt-only reduction in his

offense level at sentencing. The evidence showed that Peraza's conduct went beyond the mere receipt or solicitation of child pornography; it also included the distribution of child pornography to Agent Cody. Regardless of whether his distribution was intentional, distribution precludes a receipt-only reduction. *See* U.S.S.G. § 2G2.2(b)(1); *United States v. Bleau,* 930 F.3d 35, 39–40 (2d Cir. 2019) (per curiam).

**7.** The district court did not procedurally or substantively err when, after considering the parties' arguments and the relevant sentencing factors under 18 U.S.C. § 3553(a), it imposed a lifetime term of supervised release to ensure that Peraza did not perpetrate a "touching offense" in the future. *See United States v. Apodaca*, 641 F.3d 1077, 1080–84 (9th Cir. 2011).

**8.** Consistent with the government's concession on appeal, we vacate Special Conditions 4 and 6 and remand for the limited purpose of allowing the district court to appropriately narrow the language of those conditions.

The district court did not plainly err in imposing Special Condition 10, the imposition of which is supported by our decision in *United States v. Rearden,* 349 F.3d 608, 620–621 (9th Cir. 2003). As we have previously explained, an error "cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. Gnirke*, 775 F.3d 1155, 1164 (9th Cir. 2015) (internal quotation marks omitted).

Peraza's motion for judicial notice, filed on January 31, 2020, is granted.

**AFFIRMED in part, VACATED and REMANDED in part only as to Special Conditions 4 and 6.**