NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CHRISTOPHER WILLIAM BOUNDS,<br><br>Defendant-Appellant. | No.   21-30114<br><br>D.C. No.<br>3:18-cr-00290-DCN-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted April 11, 2022
Seattle, Washington

Before:  BOGGS,[**] HURWITZ, and KOH, Circuit Judges.

Christopher Bounds appeals from his conviction on conspiracy, drug, and firearms offenses. He argues that the district court erroneously barred him from presenting a "public-authority" defense at trial and then improperly hindered his ability to present a defense regarding his lack of requisite intent to commit several

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of the offenses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.    "Public authority" is an affirmative defense in which a defendant asserts that "he reasonably relied on the authority of a government official to engage him" in an offense. *United States v. Burrows*, 36 F.3d 875, 881 (9th Cir. 1994) (citation omitted). To present this defense, a defendant's proffered evidence must be sufficient for a jury to find that he reasonably relied on an official's "statement" or "act." *Id.* at 882; *cf. United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009).

Reviewing de novo, *see Boulware*, 558 F.3d at 974, we conclude that the district court properly precluded this defense. The record demonstrates that no communication by an agent of the Drug Enforcement Administration (DEA) to Bounds could reasonably be construed as a statement or act giving authorization for his charged offenses; at most, these statements indicated that Bounds had *not* received authorization, but that he *might* receive it at an indeterminate, future point.

---

[1] Bounds also contends that the district court erred by ordering a psychiatric evaluation and by failing to exclude witnesses who were represented by an attorney with a potential conflict of interest. The district court did not abuse its discretion by ordering a psychiatric evaluation during competency proceedings as authorized by 18 U.S.C. § 4241(b), and Bounds suffered no Fifth or Sixth Amendment deprivation because the evaluation was not used beyond the "limited, neutral purpose of determining his competency." *Estelle v. Smith*, 451 U.S. 454, 465 (1981).

Additionally, the court took "adequate steps" to ensure that there was no conflict of interest by ordering the attorney in question to submit an ex parte affidavit for in-chambers review. *Wheat v. United States*, 486 U.S. 153, 160 (1988). The affidavit confirmed that the attorney did not disclose confidential information or otherwise act in a manner that would require the exclusion of the witnesses.

2.    Bounds also claims that he was precluded from arguing that he lacked the mental state necessary to commit an offense, because he honestly believed he was cooperating with the government.[2] *See Burrows*, 36 F.3d at 881. We review de novo restrictions on a defendant's testimony, *Jones v. Davis*, 8 F.4th 1027, 1036 (9th Cir. 2021), and Confrontation Clause challenges, *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc). We review for abuse of discretion other evidentiary claims, including challenges to cross-examination on nonconstitutional grounds. *Ibid.* The district court did not err in its rulings concerning this defense.

First, the court did not improperly limit Bounds's testimony. "[R]estrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." *Rock v. Arkansas*, 483 U.S. 44, 55–56 (1987). A restriction is arbitrary if it "serves no legitimate purpose in the case at hand," and it is disproportionate "when it infringes excessively on a defendant's right to 'tell his own story.'" *Jones*, 8 F.4th at 1036 (citation omitted). The restrictions on Bounds's testimony were not arbitrary, because permitting him to testify about his belief that he was a DEA informant risked misleading the jury into considering his public-authority defense. *See Holmes v. South Carolina*, 547 U.S. 319, 326–27 (2006). They were not disproportionate, because the court permitted Bounds to testify that

---

[2] Bounds does not challenge that he lacked the mental state to commit the three firearms offenses of which he was convicted.

his intent was "to turn [evidence and drugs] all over to law enforcement," and that his "intention was to gather intelligence and firearms." Even though the court did not permit him to say that he believed he was cooperating with "the government," Bounds adequately presented his theory that he lacked culpable intent.

Second, the limitations on the scope of cross-examination of some prosecution witnesses neither violated Bounds's Confrontation Clause rights nor constituted an abuse of discretion. *See Larson*, 495 F.3d at 1101. Although some of the excluded evidence could have been relevant to Bounds's defense, the Confrontation Clause is not violated if "other legitimate interests outweigh[ed] the defendant's interest in presenting the evidence" and the jury received "sufficient information" to assess the witnesses' credibility. *United States v. Beardslee*, 197 F.3d 378, 383 (9th Cir. 1999). Additional evidence about Bounds's beliefs would not have impacted the credibility of the government's law-enforcement witnesses. The jury also received sufficient information to evaluate the credibility of the other prosecution witnesses, such as Alisha Bellavance and Edgar Perez. Both were allowed to testify about their cooperation agreements with prosecutors and their perception that Bounds acted carelessly when concealing activities from law enforcement, and Perez was further cross-examined about whether he believed Bounds was an informant. Moreover, since cross-examination about Bounds's belief that he was cooperating with the DEA could have risked misleading the jury as to the availability of the public-

4

authority defense, the district court had legitimate reasons to exclude that evidence and did not otherwise abuse its discretion in barring it. *See* Fed. R. Evid. 403.

Third, the court's decision implicating Federal Rule of Evidence 106—its admission of the redacted arrest video—was not an abuse of discretion. *See United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). Rule 106 is designed to avoid the partial introduction of a written or recorded statement that results in "misunderstanding or distortion." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988). Bounds's statements in the unredacted video risked giving the jury the misapprehension that he was asserting a public-authority defense, and the redacted version did not either mislead the jury about the admitted portion of the video or create the misimpression that he was forgoing a defense related to his lack of criminal intent.

For these reasons, we **AFFIRM** the judgment of the district court.