**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 14 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50305 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-02642-DMS-1 |
| v. | |
| JAVIER OMAR DURAZO-MIRANDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Argued and Submitted January 9, 2024
Pasadena, California

Before: RAWLINSON, MELLOY,[**] and H.A. THOMAS, Circuit Judges.

Javier Omar Durazo-Miranda appeals his sentence for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Durazo-Miranda pleaded guilty after selling more than 24 kilograms of methamphetamine to an undercover agent. The district court applied a two-level enhancement for Durazo-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Miranda's role as an organizer under U.S.S.G. § 3B1.1(c), found him ineligible for safety-valve relief, and sentenced him to 151 months' imprisonment followed by five years of supervised release. "We review the district court's interpretation of the Sentencing Guidelines *de novo*, its application of the Guidelines to the facts of the case for an abuse of discretion, and its factual findings for clear error." *United States v. Hong*, 938 F.3d 1040, 1051 (9th Cir. 2019) (quoting *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014)). We affirm.

1. The district court did not clearly err in finding Durazo-Miranda was an "organizer." "[T]he term 'organizer' in § 3B1.1(c) applies to defendants who have the ability and influence necessary to coordinate the activities of others to achieve the desired result, whether or not they have a superior rank in a criminal hierarchy." *United States v. Doe*, 778 F.3d 814, 824 (9th Cir. 2015). "[O]nly 'some control,' which could include 'organizational responsibility,' is necessary to apply the enhancement." *United States v. Vinge*, 85 F.4th 1285, 1289 (9th Cir. 2023) (quoting *United States v. Kabir*, 51 F.4th 820, 826 (9th Cir. 2022)). Durazo-Miranda coordinated multiple participants in the procurement and delivery of methamphetamine. Durazo-Miranda directed the coconspirator to provide the methamphetamine in exchange for the undercover agent's payment. Another time, the undercover agent met with Durazo-Miranda and a third party to discuss a drug purchase, and at that meeting, Durazo-Miranda described his own role as facilitating

bicoastal and international drug distribution, explaining that he was a "coordinator" for the operation. This evidence provided sufficient support for the district court's application of the role enhancement.

2. Because the district court did not err in determining that Durazo-Miranda was an organizer pursuant to U.S.S.G. § 3B1.1(c), the district court properly found him ineligible for safety-valve relief under U.S.S.G. § 5C1.2(a)(4).

**AFFIRMED.**