NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JESSICA SALAZAR,

        Defendant - Appellant.

No. 23-1863

D.C. No.
3:22-cr-02208-BAS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted February 4, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Jessica Salazar appeals her conviction and sentence for three counts of

knowing importation of a Schedule II controlled substance in violation of 21 U.S.C.

§§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

1.  Salazar contends that the district court erred under Federal Rule of Evidence 403 in admitting evidence about her request to a spiritual advisor for a prayer of protection hours before she attempted to smuggle narcotics into the United States. We review "evidentiary rulings for an abuse of discretion," *United States v. Lopez*, 4 F.4th 706, 714 (9th Cir. 2021) (cleaned up), but if "the district court fails to engage in necessary Rule 403 balancing," we review de novo, *United States v. Wells*, 879 F.3d 900, 914 (9th Cir. 2018).

Reviewing de novo, we find no error. Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987) (cleaned up). Although this Rule allows a court to "exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice," Fed. R. Evid. 403, the latter term "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged," *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The prayer request was offered to show Salazar was worried about her trip, which was consistent with knowledge of illegal conduct. That inference logically flows from the evidence and admission of the request did not invite the jury to convict because of Salazar's religious beliefs.

2.  The district court did not violate the "rule of completeness," codified at

Federal Rule of Evidence 106, by excluding other communications between Salazar and the spiritual advisor. This rule generally seeks to prevent "misunderstanding or distortion caused by introduction of only part of a document," *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (cleaned up), a situation not present here. *Cf. Lopez*, 4 F.4th at 715–17 (finding rule of completeness violation where the government artificially cut off admitted clips of an interrogation video, "at times, at mid-sentence" to make the defendant's responses appear incriminating, and the court categorically excluded the entirety of the remaining interrogation footage). And, even assuming the relevance of the excluded communications, their exclusion "did not change the meaning of [the prayer request] submitted to the jury," *United States v. Dorrell*, 758 F.2d 427, 435 (9th Cir. 1985), particularly because the excluded statements were not prayer requests.

3.    We review the district court's decision to give a deliberate ignorance instruction for abuse of discretion, *United States v. Heredia*, 483 F.3d 913, 921–22 (9th Cir. 2007) (en banc), and find none here. Such an instruction may be given if it "is supported by law and has foundation in the evidence," *United States v. Walter-Eze*, 869 F.3d 891, 909 (9th Cir. 2017) (cleaned up), and there was evidence that Salazar deliberately ignored warnings from her daughter that Salazar's employers had placed narcotics in her car. "[I]f the record contains evidence to support a deliberate ignorance instruction, it does not matter that the government primarily

relied upon a theory of actual knowledge." *Id.* And a district judge may give an instruction *sua sponte* when warranted by the law and evidence. *See United States v. Bear*, 439 F.3d 565, 568–69 (9th Cir. 2006) (finding district court erred by failing to *sua sponte* give a jury instruction); *see also United States v. Patel*, 762 F.2d 784, 790 (9th Cir. 1985) ("Substantial latitude is accorded the trial judge in tailoring instructions. . . .").

Although "[a]ctual knowledge, of course, is inconsistent with willful blindness," *Heredia*, 483 F.3d at 922, we have rejected the notion that giving both "an actual knowledge and a deliberate ignorance instruction" is categorically erroneous, emphasizing that concerns about jury confusion "are best dealt with by the district judge, whose familiarity with the evidence and the events at trial is necessarily superior," *id.* at 923–24. The district judge did not abuse her discretion by giving both instructions here, given Salazar's claim that she did not know about the drugs hidden in her car and the evidence that her daughter had warned her that they were likely present. The jury's question about how to interpret the phrase "high probability" in the deliberate ignorance instruction does not evince a confusion between the two methods under which the mens rea element required by the statute can be established.

4.    Even assuming the district court erred by denying Salazar a safety-valve reduction under U.S.S.G. § 5C1.2, this kind of sentencing error can be

harmless if the district court "acknowledges that the correct Guidelines range is in dispute and performs its sentencing analysis twice, beginning with both the correct and incorrect range." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 963 (9th Cir. 2022) (cleaned up). The district court did that here, correctly acknowledging the recommended Guidelines range both with and without the safety-valve reduction and then stating that, considering Salazar's family responsibilities and personal history, it would impose the same sentence of 48 months—well below the recommended Guidelines sentence—under either calculation.

**AFFIRMED.**