

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFRED VELAZQUEZ,

Defendant-Appellant,

Nos. 22-50239, 24-5359

D.C. No.
3:17-cr-03707-BAS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

No. 22-50239 Argued and Submitted March 26, 2024
No. 24-5359 Submitted October 28, 2024[**]
Pasadena, California

Before: GRABER and FORREST, Circuit Judges, and SELNA, District Judge.[***]

Alfred Velazquez was convicted of various drug crimes. After an earlier

appeal, we remanded to allow him to move for a new trial based on newly

discovered impeachment evidence regarding one of the Government's expert

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. Velazquez's claim that the district court abused its discretion when it admitted expert testimony related to the retail value of the seized fentanyl is addressed in a separate published decision.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

witnesses. The district court denied the motion for a new trial. Velazquez appealed the denial of a new trial, and we consolidated his appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

1.      **Motion to Compel.** Velazquez contends that the district court abused its discretion when it did not compel the Government to produce all reports in which CBP Officer Sean Hanlon identified a pulsating carotid artery as a reason for conducting a secondary inspection. We review for an abuse of discretion and find none. *United States v. Schaefer,* 13 F.4th 875, 892 (9th Cir 2021). Even if Velazquez had received the information that he sought to compel, it would not have made a difference because Hanlon gave several additional reasons for conducting a secondary inspection.

2.      **Alleged *Brady* Violation.** Velazquez argues that Hanlon's undisclosed reports implicate *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Challenges to convictions based on an alleged *Brady* violation are reviewed de novo. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).

Even in the absence of all Hanlon's undisclosed reports, Velazquez received a fair trial, and the verdict is "worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The district court admitted the Pimentel video specifically to allow Velazquez to question Hanlon's credibility. Further, Velazquez's trial

---

[1] In a concurrently filed opinion, we address the admissibility of drug-valuation evidence in a case that deals solely with importation of drugs.

2

attorney thoroughly impeached Hanlon. *See United States v. Croft*, 124 F.3d 1109, 1124 (9th Cir. 1997) (concluding, in part, that the defendants did not show grounds for relief under *Brady* when both were able to impeach Government witnesses). The mere possibility that the reports could have helped Velazquez's defense does not "undermine confidence in the outcome" of his trial. *United States v. Bagley*, 473 U.S. 667, 682 (1985). Accordingly, there was no *Brady* violation.

3. **Rule 106 Request.** Velazquez asserts that the district court erred when it denied his trial counsel's request to introduce an additional sentence from Velazquez's post-arrest statement under Federal Rule of Evidence 106. We review a district court's decision on Rule 106 for an abuse of discretion. *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). The excluded statement was neither "'explanatory'" nor "'substantially exculpatory.'" *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021) (quoting *United States v. Dorrell*, 758 F.2d 427, 435 (9th Cir.1985)). Therefore, the district court did not abuse its discretion.

4. **Review of the Presentence Report.** Both parties agree that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) because it did not verify that Velazquez and his attorney read and discussed the presentence report at the sentencing hearing. Fed. R. Crim. P. 32(i)(1)(A). For prejudice to occur, a defendant must identify at least some fact in the presentence report that the defendant "would have disputed had the sentencing judge afforded him the

opportunity." *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007) (per curiam). If a defendant fails to do so, then the district court's "error is harmless, and resentencing is unnecessary." *Id.* Velazquez concedes that he did not identify any fact to the district court, or to this court, that he would have disputed and that the district court's "error was harmless." Therefore, Velazquez suffered no prejudice. *See id.* at 864.

**5.     Motion for a New Trial Based on Newly Discovered Evidence.**

Velazquez based his Federal Rule of Criminal Procedure 33(b)(1) motion for a new trial on the Government's alleged withholding of evidence regarding Agent Kiesel, its expert witness in Velazquez's third trial, in violation of *Brady*, 373 U.S. 83, and *Giglio v. United States*, 405 U.S. 150 (1972). When the asserted basis for a new trial is a *Brady* violation, we review de novo the denial of a motion for a new trial. *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009).

There was no *Brady* issue based on the newly discovered impeachment evidence because the investigation into Kiesel, which generated the newly discovered evidence here, did not start until *after* Velazquez's third trial. But even if the Government had constructive, though not actual, knowledge of the witness's misconduct at the time of trial, arguably implicating *Brady*, the evidence was not material for *Brady/Giglio* purposes. *See Bagley*, 473 U.S. at 682. Kiesel testified to the limited issue of drug value, and the *exact* value of the drugs was not

4

material. Moreover, because of the amount of additional evidence against Velazquez, any evidence of misconduct would not have changed the outcome of the trial. *See id.*

Alternatively, Velazquez claims that the district court abused its discretion by not granting an evidentiary hearing on the issue of whether the Government had knowledge of misconduct. *See United States v. Mazzarella*, 784 F.3d 532, 537 (9th Cir. 2015) ("A denial of an evidentiary hearing is also reviewed for an abuse of discretion."). But it is unlikely an evidentiary hearing would have provided Velazquez with any additional information. The Government previously provided Velazquez with 245 pages of discovery from the investigation into Kiesel. Additionally, proof of whether the Government had knowledge of the misconduct would not affect the result because, as explained above, any evidence of misconduct was not material under *Brady/Giglio*. Accordingly, the district court did not abuse its discretion in refusing to grant an evidentiary hearing.

**6.** **Cumulative Error.** Velazquez invokes the cumulative-error doctrine. As noted, the district court erred only with regard to the presentence report. For that reason, there are no other errors to accumulate, and the doctrine does not apply.

**AFFIRMED.**

5